UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA (READING)

| | | |
|---|---|---|
| IN RE:<br>    Mark Leslie Kennedy,<br><br>    Debtor, | : <br> : <br> : <br> : <br> : | Case No. 23-11688-PMM |
| Nancy Berrian,<br>    Plaintiff,<br>  vs.<br><br>Mark Leslie Kennedy,<br><br>    Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adversary No. 23-00067-PMM |

## BRIEF IN SUPPORT OF DEFENDANTS' PRELIMINARY OBJECTIONS

### I.  FACTS

On or about March 26, 2021, Plaintiff and Debtor entered into a contract for construction on the property located at 506 Farmview Road, Forks Township, Pennsylvania. The contract called for a payment totaling $88,345.00. On March 26, 2021, Plaintiff paid Debtor $25,000.00. Debtor commenced work on March 31, 2021.  On April 5, 2021, Plaintiff paid an additional $19,172.50 to the Debtor. On April 16, 2021, the Plaintiff informed the Debtor that she did not want the Debtor to complete the job as contracted. On March 7, 2022, the Plaintiff filed a lawsuit in the Court of Common Pleas of Northampton County against the Debtor and his company DSK Property Services, LLC.

On June 8, 2023, the Debtor filed the present Chapter 7 bankruptcy. Plaintiff filed the present adversary complaint on October 10, 2023.

Due to substantial deficiencies in Plaintiff's Complaint, Defendants hereby file these Preliminary Objections.

## II. STANDARD OF REVIEW

Under Rule 1028 of the Pennsylvania Rules of Civil Procedure, any party may file Preliminary Objections based on: (1) lack of jurisdiction over the subject or person; (2) failure of a pleading to conform to law or inclusion of scandalous or impertinent matters; (3) insufficient specificity; (4) legal insufficiency of a pleading; (5) lack of capacity to sue; (6) pendency of a prior action; (7) failure to exercise or exhaust a statutory remedy, and (8) if there is an adequate non-statutory remedy at law. Pa.R.C.P. 1028 (2010).

## II. ARGUMENT

### A. Plaintiff's Complaint should be dismissed for failure to state particular circumstances that would support fraud on the part of the Debtor.

"Fraud…contains the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 538 Pa. 193, 207-08, 647 A.2d 882, 889 (1994), citing W. Keaton, *Prosser and Keaton on the Law of Torts* § 105 (5th ed. 1984). *See also Restatement (Second) of Torts § 525* (1977).

No facts have been plead by Plaintiff that make out any representation of fraud. Plaintiff merely states that payment was made to Debtor by Plaintiff and that work was commenced by Debtor's company. Plaintiff goes on to state that after work was commenced Plaintiff terminated the Debtor and requested a refund.

Therefore, the foregoing elements have not been sufficiently plead nor substantively set forth for the Plaintiff to claim "fraud".

## III.   CONCLUSION

For the foregoing reasons, Debtor request that this Honorable Court grant his Preliminary Objections and dismiss Plaintiff's Complaint with prejudice.

                        Respectfully submitted,

                        LAPUTKA LAW OFFICE, LLC

Date: 12/11/2023

                 By:    /s/ Charles Laputka
                        Charles Laputka, Esquire
                        PA ID No: 91984
                        1344 W. Hamilton St.
                        Allentown PA 18102
                        P: (610) 477-0155