**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (READING)**

| | | |
|---|---|---|
| **IN RE: Mark Leslie Kennedy,** | ) | Bky. No. 23-11688-pmm |
| | ) | |
| **Debtor.** | ) | **CHAPTER 7** |

| | | |
|---|---|---|
| **Nancy Berrian,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Adv. No. 23-0067-pmm |
| | ) | |
| **Mark Leslie Kennedy,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

1. Plaintiff, Nancy Berrian, is an adult individual residing at 506 Farmview Road, Forks, Pennsylvania 18040.

2. Defendant, Mark Leslie Kennedy ("Debtor"), is an adult individual and member of DSK Property Services, LLC, with a principal place of business at 1503 Center Street, Bethlehem, Pennsylvania 18018.

3. On June 8, 2023, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

4. This adversary proceeding is brought to determine the dischargeability of Plaintiff's debt against Debtor.

5. On January 24, 2024, this Court, in granting Debtor's motion to dismiss, granted Plaintiff leave to file the instant Amended Complaint.

## JURISDICTION

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334(b).

## FACTS

7. Plaintiff hired Debtor and his company, DSK Property Services, LLC, to perform renovation services at a home located at 506 Farmview Road in Forks Township, Pennsylvania.

8. At their initial meeting, Debtor told Plaintiff: "I will start working on your house the day after you sign the contract."

9. On March 26, 2021, Plaintiff signed a contract hiring Debtor and his company to perform a home renovation of her property for an estimated total of Eighty-Eight Thousand, Three Hundred Forty-Five Dollars ($88,345.00).

10. Debtor represented to Plaintiff that all interior work would be completed by her scheduled move-in date (June 1, 2021), and that all work would be completed by early fall at the latest.

11. Also on March 26, 2021, Plaintiff made a payment to Debtor of Twenty-Five Thousand Dollars ($25,000.00).

12. Debtor did not begin working on the house until March 31, 2021.

13. On or around that date, Debtor sent a sole laborer who was present at the house for no more than five hours, during which time he took down the screened porch/sunroom and did light cleaning of the garage. Debtor left behind three rolls of backer board.

14. On April 5, 2021, Plaintiff made a second payment to Debtor of Nineteen Thousand, One Hundred Seventy-Two Dollars and Fifty Cents ($19,172.50), for a total amount paid to date of Forty-Four Thousand, One Hundred Seventy-Two Dollars and Fifty Cents ($44,172.50).

15. At their meeting on April 5, 2021, Debtor promised Plaintiff he would begin work again the following day, April 6, 2021.

16. On April 15, 2021, Plaintiff received an email from Debtor with a charge order that listed an additional Sixty-Seven Thousand, Two Hundred Seventy-Seven Dollars and Twenty-Eight cents ($67,277.28) for work to be done that had previously been discussed.

17. Between April 5 and April 16, 2021, Debtor performed no more work on the property, which he had contracted and promised to perform.

18. After the initial garage cleaning and removal of sunroom walls, no permits were applied for, and Debtor failed to deliver on his promise of beginning work on April 6, 2021.

19. Due to Debtor's failure to begin work as promised on April 6, 2021, and lack of communication, Plaintiff concluded that Debtor had no intention of completing the job and had intentionally misled her.

20. On April 16, 2021, Plaintiff emailed Debtor to cancel the contract, request her keys back and a refund.

21. In her email, Plaintiff offered to pay $2,500.00 for the removal of her sunroom and the cleaning of her garage. She requested that Debtor return the remainder of the money she had paid ($41,672.50) by April 19, 2021.

22. Debtor refused to return the money.

23. On March 7, 2022, Plaintiff filed a lawsuit against Debtor and his company, DSK Property Services, LLC, in the Court of Common Pleas of Northampton County, alleging, *inter alia*, fraud. Plaintiff seeks judgment in her favor and against Debtor and his company, jointly, severally, and individually, in an amount not to exceed $50,000.00, together with interest, costs, attorney's fees and any other such legal or equitable relief as the Court deems proper.

24. On August 17, 2022, the court overruled Debtor's preliminary objection to the count of fraud, allowing it to proceed.

25. At arbitration in the matter on November 20, 2023 at 1:30 PM, Plaintiff was awarded a default judgment against Debtor's company, DSK Property Services.

26. Plaintiff's claims against Debtor in the Court of Common Pleas of Northampton County are stayed due to the instant bankruptcy proceeding.

## CLAIMS

27. Plaintiff claims that Debtor's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was incurred by fraud.

28. In Pennsylvania, common law fraud is defined as follows: a representation which is material to the transaction at hand; made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; with the intent of misleading another into relying on it; justifiable reliance on the misrepresentation; and a resulting injury proximately caused by the reliance. *In re Passarelli Family Trust, 2019 PA Super 95, Christensen v. Ideal Motorcars, LLC, 2018 Pa. Dist. & Cnty. Dec. LEXIS 2572, Laidlaw v. Midatlantic Converge Worldwide, 2017 Phila. Ct. Com. Pl. LEXIS 203, Commonwealth v. Kitchen, 2017 PA Super 147.*

29. Here, Plaintiff specifically alleges that Debtor represented he would perform the work he contracted to perform. Debtor represented to Plaintiff that all interior work would be completed by her scheduled move-in date, June 1, 2021, and all work would be completed by early fall at the latest. Debtor failed to deliver on his promises. He performed only token work, a fraudulent practice known in the industry as "spiking the job," wherein "contractors quickly do token work and then tell the consumer the contract is noncancelable."[1]

---

[1] As far back as 1967, the Federal Trade Commission described the practice as a "widespread home improvement fraud." *See* House Congressional Record, December 14, 1967, at 36600.

4

30.      Due to Debtor's failure to begin work as promised, apart from five hours of work on March 31, and general lack of communication, Plaintiff concluded that Debtor had no intention of completing the job and had intentionally misled her.

31.      Debtor's representations were material and made with the intent to mislead Plaintiff, who justifiably relied on his representations, which caused her damages of at least $44,172.50. But for the representations made by Debtor, Plaintiff would never have entered into the contract with him. He then refused to return the money she had paid, despite having completed a mere five hours of work. Debtor's conduct was of an outrageous nature and done for a bad motive and with reckless indifference to Plaintiff's rights and interest.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

A. A declaration that Debtor's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

B. An award of costs and attorney's fees; and

C. Such other and further relief as the Court may deem just and equitable.

Dated: February 23, 2024                    Respectfully submitted,

Law Offices of Stanley J. Ellenberg, Esq., PC
By: */s/Stanley J. Ellenberg*
Stanley J. Ellenberg, Esq.
Attorney ID No. 20710
Karen L. Hoffmann, Esq.
Attorney ID No. 323622
Two Penn Center
1500 JFK Blvd., Suite 1825
Philadelphia, PA 19102
(215) 790-1682

*Attorneys for Plaintiff Nancy Berrian*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a true and correct copy of the foregoing document on all counsel of record by CM/ECF.

Dated: February 23, 2024

Law Offices of Stanley J. Ellenberg, Esq., PC
By: */s/Stanley J. Ellenberg*
Stanley J. Ellenberg, Esq.
Attorney ID No. 20710
Karen L. Hoffmann, Esq.
Attorney ID No. 323622
Two Penn Center
1500 JFK Blvd., Suite 1825
Philadelphia, PA 19102
(215) 790-1682